*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MANAUSA/CALL, Minors.

UNPUBLISHED
August 24, 2023

No. 362111
Shiawassee Circuit Court
Family Division
LC No. 20-014271-NA

Before: GADOLA, P.J., and GARRETT and FEENEY, JJ.

PER CURIAM.

Respondent[1] appeals as of right the trial court's order terminating her parental rights to the minor children JDM, ASM, BSM, and BJC under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood of harm if returned to parent). We affirm the trial court's order regarding BJC. Regarding JDM, ASM, and BSM, we affirm the portion of the trial court's order determining that at least one statutory ground supported termination, but vacate the trial court's best-interests analysis and remand for further consideration of this issue.

## I. FACTS AND PROCEDURAL HISTORY

In December 2020, the Department of Health and Human Services (DHHS) filed a petition requesting that the trial court authorize the petition, take jurisdiction over respondent's four children, and issue an order removing the children from respondent's care over allegations of substance abuse and housing instability. The petition alleged that respondent was homeless. When respondent was living at a hotel, she had a "party" and was sexually assaulted. JDM and ASM were present when respondent was sexually assaulted. The petition also alleged that respondent

---

[1] JDM, ASM, and BSM all share the same father, who was initially a respondent during these proceedings. Jurisdiction was later terminated regarding JDM, ASM, and BSM's father and these three children were placed with him when respondent's termination hearing occurred. After several putative father hearings, the trial court found that BJC did not have a legal father and struck the putative father portion of the petition.

dropped off JDM and ASM at their father's home, "without proper clothing and shoes," and that respondent knew the children's father was "actively using drugs" at the time. Further, the petition alleged that respondent tested positive for methamphetamine and failed to participate in substance abuse and other services. The trial court authorized the petition and removed the children from respondent's care.

In February 2021, the trial court held a jurisdictional trial, which respondent did not attend, and took jurisdiction over respondent and the four children. The trial court also held a dispositional hearing and ordered that respondent engage in the services ordered in her Parent Agency Treatment Plan (PATP), which included attending substance abuse treatment, rectifying her housing instability issues, taking a mental health assessment, attending parent education classes, and attending counseling or mental health treatment.

After respondent failed to participate in services or make any progress, a supplemental petition requesting termination of respondent's parental rights was filed in April 2022. At the termination hearing, which respondent also did not attend, respondent's caseworker testified that respondent failed to participate in or benefit from any services offered. The trial court found that statutory grounds for termination under MCL 712A.19b(3)(c)(*i*), (g), and (j) were met, and that it was in all four children's best interests to terminate respondent's parental rights.

## II. STATUTORY GROUNDS

Respondent argues that the trial court erred by finding statutory grounds to terminate her parental rights.[2] We conclude that grounds for termination were established under MCL 712A.19b(3)(c)(*i*).

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). This Court reviews a trial court's factual findings and its statutory-grounds determinations for clear error. *In re Sanborn*, 337 Mich App 252, 272-273; 976 NW2d 44 (2021). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

Termination of parental rights under MCL 712A.19b(3)(c)(*i*) is proper when "the totality of the evidence amply supports that [the parent] had not accomplished any meaningful change in the conditions" that led to the trial court taking jurisdiction over the child, *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009), and "there is no reasonable likelihood that the

---

[2] Respondent challenges the trial court's order terminating her parental rights under MCL 712A.19b(3)(g), (j), and (i). We presume that respondent intended to challenge termination under MCL 712A.19b(3)(c)(*i*), (g), and (j) because the trial court terminated respondent's parental rights pursuant to these statutory provisions.

-2-

conditions will be rectified within a reasonable time considering the child's age," MCL 712A.19b(3)(c)(*i*).

In this case, the trial court concluded that there was clear and convincing evidence that the conditions that led to the adjudication, in particular respondent's substance abuse issues and housing instability, continued to exist and there was not a reasonable likelihood that they would be rectified within a reasonable time considering the children's ages.

The trial court did not err by finding that grounds for termination under MCL 712A.19b(3)(c)(*i*) were established by clear and convincing evidence because the evidence supports the conclusion that respondent did not make a meaningful change in rectifying her substance abuse or housing issues, which led to the trial court obtaining jurisdiction, see *Williams*, 286 Mich App at 272, and there was not a reasonable likelihood that these issues would be rectified within a reasonable amount of time considering the children's ages, MCL 712A.19b(3)(c)(*i*). Regarding her substance abuse issues, respondent stated that she participated in Alcoholics Anonymous meetings, but failed to provide verification of this; respondent failed to participate in substance abuse treatment; respondent failed to appear for 30 scheduled drug screens; respondent had only a 39 percent call-in rate for daily random drug screens; and respondent had a warrant for her arrest after she was charged with open intoxication in December 2021. Regarding her housing issues, respondent failed to obtain and maintain stable and appropriate housing and failed to inform DHHS when she moved or when she changed her phone number. In addition to respondent's substance abuse and housing issues, respondent also failed to participate in mental health counseling, failed to substantially participate in and benefit from parenting classes, failed to obtain and maintain steady employment, and failed to attend any court hearings in this case since at least September 2021. Overall, respondent failed to engage in services and failed to benefit from any services she participated in, and as a result, failed to accomplish a meaningful change in the conditions that led to the trial court obtaining jurisdiction over the children. Therefore, the trial court did not err in finding that grounds for termination under MCL 712A.19b(3)(c)(*i*) existed.[3]

## III. BEST INTERESTS

Respondent argues that the trial court erred by finding it was in the children's best interests to terminate respondent's parental rights because she was bonded with the children, the older children expressed a desire to return to her care, there was no threat to the children's stability in allowing them to maintain a relationship with respondent, and respondent was able to provide permanency, stability, and finality to the children. Respondent also argues that because the trial court failed to explicitly consider JDM's, ASM's, and BSM's placement with their biological father in making their best-interests determinations, and failed to make each best-interests determination individually, reversal is required. Although the evidence otherwise supports the trial court's determination that termination was in the best interests of the children, we are required

---

[3] Considering our conclusion that termination was appropriate under MCL 712A.19b(3)(c)(*i*), we need not address the additional statutory grounds because only one statutory ground for termination of parental rights must be established. See *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009).

to remand with respect to JDM, ASM, and BSM because the trial court failed to explicitly address their placement with a relative.

A trial court's determination of best interests is reviewed for clear error. *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Sanborn*, 337 Mich App at 276 (quotation marks and citation omitted).

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013).

In determining the best interests of the child, the focus is on the child, not the parent. *Atchley*, 341 Mich App at 346. In making this determination, a trial court may consider

> the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. Other considerations include the length of time the child was in care, the likelihood that the child could be returned to her parents' home within the foreseeable future, if at all, and compliance with the case service plan. [*Id.* (citations omitted).]

The trial court may also consider a parent's visitation history and the child's well-being in care. *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). Because a child's placement with relatives weighs against termination under MCL 712A.19a(8)(a), the fact that a child is living in a relative placement when the case proceeds to termination is a factor that must be considered when determining whether termination is in the child's best interests. *Olive/Metts*, 297 Mich App at 43. "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *Id.* Further, the trial court must decide the best interests of each child individually. *Id.* at 44.

In this case, the trial court specifically found that it was in JDM's and ASM's best interests to terminate respondent's parental rights because JDM and ASM experienced "traumatic harm" from witnessing respondent be sexually assaulted, and also were at risk of physical harm from the other individuals at this party.[4] The trial court also found that it was in all four children's best

---

[4] The concurring opinion states that it was improper for the trial court to rely upon "respondent's sexual assault as a basis for concluding that termination of her parental rights was in JDM's and ASM's best interests," while at the same time acknowledging that the children may have suffered traumatic harm as a result of witnessing this event. The record reflects that in making its best interests determination the trial court was careful to "bifurcate" the harm to the children

-4-

interests to terminate respondent's parental rights because they "need a steady guiding force to take them through their life, through their youth and into adulthood where they will be on their own. And I believe that cannot be done by their mother." Finally, the trial court found that it was in BJC's best interests to terminate respondent's parental rights in particular because he shared a "significant bond" with his foster parent and was developing well educationally in his foster parent's care.

The evidence demonstrates that it was likely in all of the children's best interests to terminate respondent's parental rights. The trial court permissibly relied on BJC's well-being in care, *White*, 303 Mich App at 714, and the children's need for stability and guidance, *Atchley*, 341 Mich App at 346. In addition, other evidence not referenced by the trial court supported its finding that it was in the children's best interests to terminate respondent's parental rights. Respondent failed to participate in or benefit from services, respondent had her parenting time suspended because of her lack of participation in services and cooperation with DHHS, respondent failed to obtain and maintain adequate housing or employment to provide proper care for the children, respondent did not have a strong bond with the children and ignored the two younger children during parenting visits, respondent's parenting time was described by her caseworker as "chaotic," and BJC was doing very well in his fictive kin placement. See *Atchley*, 341 Mich App at 346-347; *White*, 303 Mich App at 714.

However, because the trial court failed to explicitly consider JDM's, ASM's, and BSM's placement with their father, the trial court's best-interests analysis regarding these three children must be vacated and the case remanded for further consideration during a new best-interests hearing. *Olive/Metts*, 297 Mich App at 43-44. As noted, the trial court failed to explicitly address whether termination of respondent's parental rights to JDM, ASM, and BSM was in their best interests in light of their placement with their biological father. The trial court merely mentioned that JDM, ASM, and BSM were "developing a strong relationship with their most successfully recovered father," but failed to mention that they were in a relative placement or explicitly address whether it was in their best interests to terminate respondent's parental rights in light of their relative placement. A "relative" is defined as any "individual who is at least 18 years of age and is . . . [r]elated to the child within the fifth degree by blood, marriage, or adoption," MCL 712A.13a(1)(j)(*i*), so the father of the three children is within the definition of a "relative" with

---

by focusing first on the trauma associated with witnessing the event, and second, the danger respondent placed the children in by taking them to a hotel room for a "party" where other adults were present. The trial court stated that the decision of respondent to place her children in that environment created a "physical likelihood of … harm from the offender or anyone else who was at the party." In our view, the trial court based this best interests finding not on the occurrence of the sexual assault itself, which would have been an improper consideration for the reasons stated in the concurring opinion, but on the poor decision making of respondent in placing her children in a dangerous situation that exposed them to emotional harm as well as the risk of physical harm.

whom the three children are placed.  As a result, the factual record is inadequate to make a best-interests determination regarding JDM, ASM, and BSM.  *Id*. at 43.

Affirmed with respect to the minor child BJC.  Affirmed in part, vacated in part, and remanded for further proceedings with respect to the minor children JDM, ASM, and BSM.  We retain jurisdiction.

/s/ Michael F. Gadola
/s/ Kristina Robinson Garrett
/s/ Kathleen A. Feeney

# Court of Appeals, State of Michigan

## ORDER

In re Manausa/Call Minors

Docket No. 362111

LC No. 20-014271-NA

Michael F. Gadola
Presiding Judge

Kristina Robinson Garrett

Kathleen A. Feeney
Judges

For the reasons detailed in the opinion issued concurrently with this order, this Court VACATES the trial court's finding that termination was in the best interests of JDM, ASM, and BSM, and REMANDS this matter to the Family Division of the Shiawassee Circuit Court for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 42 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court shall give further consideration to whether termination is in the best interests of JDM, ASM, and BSM, and shall explicitly address whether termination is appropriate in light of the children's placement with relatives and shall afford individualized consideration to the best interests of each of those three children. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

August 24, 2023
Date

_____
Chief Clerk